We are in complete agreement with the majority opinion, both as to the issue of liability and as to the measure of damages recoverable in such cases. We concur specially in order to amplify the rationale for rejection of the "benefit" rule and to clarify the mental anguish element set forth in the opinion as a portion of item 1 of the recoverable elements of damages.
While we agree that Plaintiff has suffered damages beyond the medical expenses incurred in the prenatal care and birth of her child, we further agree that legal damages may not be extended to cover the economic burden of rearing the child to the age of majority.
To adopt such a measure of damages would reduce the value of the parent/child relationship to a mathematical formula, subject to being diminished only by incalculable future events. But, more than this, it would equate the right of the mother to elect, in the first instance, not to conceive with a presupposed subsequent attitude of "not wanting" the child born of her "wrongful pregnancy." A woman's personal right to exercise the option not to become pregnant does not necessarily mean that a child conceived as a result of the breach of that initial right is an "unwanted" child. To the contrary, it is more accurately an "unexpected" or "unanticipated" child.[1]
Indeed, it is the difference between these two concepts that constitutes the premise upon which the law must formulate its measure of damages. Inherent in the mother's decision to carry the child to full term — a right not inconsistent with her initial decision not to conceive — is her decision to rear the child. Because the decision to bear the child is not economically motivated, the damages for rearing the child cannot be economically measured.
Instead, the law must relate her damages to the reality of her injury. If Mrs. Boone did, in fact, conceive a child as a result of Dr. Mullendore's negligence, as alleged, a legal right has been violated and she has suffered an injury, in that she relied on the doctor's representations that she was sterile and, in doing so, did not exercise her right to elect some other form of contraception. However, the law should not assume, nor does public policy permit the assumption, that her injury consists in giving birth to an "unwanted" child. For the tort of negligently interfering with her right not to become pregnant she is entitled to compensation, but only to the extent of her resultant injuries, one element of which is the mental anguish which flows directly from the loss of such right. The normal causation/resultant injury rationale of tort law, however, is not applicable to this situation. To effect a legal rule that fosters the "unwanted child" concept by permitting an award of damages based upon the costs of the child's maintenance and support would impede, rather than enhance, the natural familial relationship.
On the other hand, the law should recognize that an alleged wrong, if legally established, results in denial of Plaintiff's lawful right to exercise the option not to become pregnant. The wrong is directly and exclusively related to her personal right not to become pregnant. In reliance on the Defendant doctor's representation, she says, she proceeded on the assumption that her choice not to become pregnant had been assured, and thus did not exercise other methods of contraception.
Consequently, assuming liability as alleged, Mrs. Boone is entitled to recover, if proved, those elements of damages enumerated in the Court's opinion, including any mental anguish suffered by her for the violation of her personal right not to conceive a child.
[1] While we differ materially with the measure of damages formulated therein, see Troppi v. Scarf, 31 Mich. App. 240,187 N.W.2d 511 (1971), for an excellent discussion of the distinction, which the law recognizes, between avoidance of conception and the disposition of the human organism after conception. *Page 729